OPINION OF THE COURT
Stanley L. Sklar, J.
The petition, which seeks to enjoin the respondents from appointing nonmembers of the New York City Police Department uniformed force to investigate civilian complaints, is dismissed. Neither the former version of section 440 of the New York City Charter, promulgated in 1966, nor the *794 amended 1986 version, requires the use of members (i.e., uniformed personnel) of the police department; each merely requires the use of departmental employees.
In the instant proceeding, petitioners allege that "[u]pan information and belief, Respondent Police Commissioner has issued an order or orders appointing civilians, non-members of the uniformed force of the New York City Police Department to investigate civilian complaints before the Civilian Complaint Review Board.” The problem with this assertion is twofold. First, petitioners fail to reveal the source of their knowledge. Second, petitioners’ characterization of the newly appointed investigators as "civilians” is incorrect and misleading. Both the 1966 and 1986 versions of section 440 define "civilian” as "any person who is not a member or full-time employee of the police department.” (NY City Charter § 440 [b] [4].) Here, respondents state that six administrative employees of the police department were assigned to conduct investigations on the Board’s behalf and that these six are not presently conducting investigations but, rather, are undergoing a three-month training process. Thus, petitioners are incorrect in their assertion that the department appointed "civilians” as investigators.
Moreover, section 440 does not require that an investigator’s position be filled solely by uniformed members of the police department. Under the 1966 version, civilian complaints were not to be investigated and dealt with by anyone "not regularly in police service” (NY City Charter § 440 [former (a)]). Thus, a Review Board was created to investigate and deal with civilian complaints. That Board was, under the 1966 version, to consist entirely of police department personnel each of whom, for at least one year before appointment, had been a regularly appointed, full-time member or full-time administrative employee of the police department (NY City Charter § 440 [former (c)]). Thus, under the old version, those in "police service” consisted of uniformed and nonuniformed, regularly employed police department personnel.
Under the 1986 amendment to section 440 the Review Board is to be composed of 12 members, 6 of whom are to be selected from the public by the Mayor, with the remainder to be appointed by the Police Commissioner (NY City Charter § 440 [c]). Each of those selected by the Commissioner, under the 1986 version, had to have been, for at least one year prior to such appointment, "a regularly appointed, full-time member or full-time administrative employee of the police depart *795 ment” (§ 440 [c]). The powers of the Board members (including the power to investigate) are the same under both the 1966 and the amended versions (§ 440 [c]).
The amended law also provides that "[t]he commissioner shall assign personnel of the police department to assist the board and conduct investigations on its behalf’ (§ 440 [d] [2]). This section does not provide that such personnel must be uniformed members of the police department. Indeed, the "Policy” subdivision of both the 1966 and 1986 versions states that the investigation of complaints shall not be interfered with by "persons not regularly in police service.” (NY City Charter § 440 [a].) If the intent was to limit investigatory power to members (i.e., uniformed police) of the police department, rather than to expand it to include administrative personnel, the policy statement could easily have been drafted to reflect that intention. Such distinctions between members and administrative employees are in fact evident throughout both the 1966 and 1986 versions.
Moreover, under both versions the Commissioner’s Review Board appointees, who were both uniformed and administrative employees, personally had investigatory powers. (See, § 440 [c].) The construction of section 440 urged by petitioners would allow both uniformed and administrative Board members to conduct investigations but would allow only uniformed personnel to assist the Board in its investigations. Petitioners offer no plausible explanation (nor is any apparent) for their position that administrative employees who were Board members would be competent to investigate complaints, but that administrative employees who were not Board members would not be. I therefore hold that section 440 permits the appointment of administrative employees to the investigatory role.
Petitioners, in their reply papers, evidently assert as an additional basis for the requested injunctive relief that respondents have failed to show that the six newly assigned administrative employees were employed for at least one year prior to their reassignment. Petitioners apparently are arguing that the law’s "Policy” provision which prohibits interference in investigations by those "not regularly in police service” (NY City Charter § 440 [a]; emphasis added), coupled with the one-year employment prerequisite for the Commissioner’s appointments to the Board (§ 440 [c]), impose a one-year employment requirement on investigators assigned to assist the Board. While the petition did not initially raise this as a ground for the injunctive relief sought, nor have any facts been set forth *796 in the papers by anyone demonstrating that any of those six appointees were employed for less than one year, respondents on oral argument conceded that some of these six were hired specifically for the purpose of being assigned as investigators.
Respondents urge, however, that this is consistent with the intent of the amended law and does not entitle petitioners to the injunctive relief sought. Respondents state that the provision in the 1986 version, stating that the Commissioner shall assign police department personnel to assist the Board in its investigations (§ 440 [d] [2]), was added to make it clear that since now, for the first time, civilians were Board members they (the civilians) could not hire outsiders, i.e., other civilians, to help them with their investigations, and that only police department personnel could do so.
Since before the amendment only those in police service were Board members, there was no need for such a provision. Accordingly, respondents urge that as long as those assigned to help the Board are paid, full-time employees of the police department, it is immaterial if they are hired specifically to serve as investigators, and that the length of their employment by the police department before being assigned to assist the Board is irrelevant.
This court agrees. Indeed, if the drafters of section 440 required employment for one year as a prerequisite to assignment in the investigatory role, they could have easily so provided as was done with the Board members. In addition, it is clear that the phrase "regularly in police service” is not synonymous with having been employed for one year, because both phrases are used when describing the requirements for assignment to the Board by the Commissioner (see, § 440 [c]). Thus, the petition cannot be salvaged on this ground.
Accordingly, the petition is dismissed.